UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBYN BURTON,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>　　　　　　　　　　Defendant. | Case No. 2:12-CV-303-KJD-GWF<br><br>**ORDER** |

Before the Court are two motions for fees and costs filed by Plaintiff Robyn Burton's counsel ("Counsel"). Counsel filed an original Motion for fees under the Equal Access to Justice Act ("EAJA") (#35) which was later amended (#36), and then amended yet again (#44) in order to include the necessary elements. Furthermore, none of these filings contain the complete motion, but rather Counsel improperly left it to the Court to amalgamate his claims and evidence. The Social Security Administration ("Defendant") opposed the motion(s) (#40) and Counsel replied (#45). Counsel also filed a motion for fees and costs under 42 U.S.C. § 406(b) (#43). Defendant responded (#51), and Counsel failed to reply. The background of this matter is familiar to the Court and the parties and so will not be recounted here.

**I. Legal Standards**

"Fee awards may be made under both [the EAJA and 42 U.S.C. § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee. Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002) (alterations and citation omitted). To be clear, the government pays EAJA fees, while the claimant pays fees under 406(b). See, e.g., Parrish v.

Comm'r of Soc. Sec. Admin., 698 F.3d 1215, 1218 (9th Cir. 2012). Thus, the EAJA award offsets an award under 42 U.S.C. § 406(b) up to the point that the claimant actually receives 100 percent of the past-due benefits. Gisbrecht, 535 U.S. at 796. The Court also notes that an award under the EAJA belongs to the litigant, and not to counsel directly. Astrue v. Ratliff, 560 U.S. 586, 593 (2010).

**A. EAJA Fees under 28 U.S.C. § 2412(d)**

**i. The Statute Generally**

Fees and "other expenses" under 28 U.S.C. § 2412(d) "shall" be awarded to a "prevailing party" unless the Court finds the position of the Social Security Administration to be "substantially justified . . . ." § 2412(d)(1)(A). To obtain fees and other expenses, a party must comply with § 2412(d). The contested requirements are listed below:

- The party seeking fees and other expenses must not have a net worth exceeding $2,000,000 at the time the civil action was filed.
- Allege that the position of the government[1] was not substantially justified based upon the record
- Request only "reasonable" fees and costs

**ii. Substantial Justification**

"The government bears the burden of demonstrating substantial justification." Thangaraja v. Gonzales, 428 F.3d 870, 874 (9th Cir. 2005). The government's positions are "substantially justified" when they are founded upon "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (citing Consol. Edison Co. of New York v. N.L.R.B., 305 U.S. 197, 229 (1938)). Thus, the government's positions must have a "reasonable basis both in law and fact." Id. at 565. However, it is a "decidedly unusual case in which there is substantial justification under the EAJA even

---

[1] "The position of the United States includes both the government's litigation position and the underlying agency action giving rise to the civil action." Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013) (internal quotations omitted).

2

though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record." Al-Harbi v. I.N.S., 284 F.3d 1080, 1085 (9th Cir. 2002) (internal quotations omitted). The Ninth Circuit recently underscored the substantial overlap between cases where the ALJ's decision lacks substantial evidence and where the government's position is not substantially justified:

> While this circuit has been clear that when an agency's decision is unsupported by substantial evidence it is a strong indication that the position of the United States is not substantially justified, this circuit has never stated that *every* time this court reverses and remands the ALJ's decision for lack of substantial evidence the claimant should be awarded attorney's fees.

Campbell v. Astrue, 736 F.3d 867, 869 (9th Cir. 2013).

In determining whether the government's position is substantially justified, the EAJA "favors treating a case as an inclusive whole, rather than as atomized line items." Al-Harbi v. I.N.S., 284 F.3d 1080, 1085 (9th Cir. 2002). However, where an "ALJ rejected a treating physician's opinion in favor of a non-treating physician's opinion without providing clear and convincing reasons, and committed [other] errors . . . . [i]t follows *a fortiori* the government's defense of the ALJ's procedural errors was not substantially justified, and . . . attorneys' fees under the EAJA [are justified]. Shafer v. Astrue, 518 F.3d 1067, 1072 (9th Cir. 2008). Similarly, the government's position lacked a reasonable basis in fact where the ALJ "mis-character[ized] [] the medical evidence" and lacked a reasonable basis in law where the ALJ "failed to inquire adequately" and "take adequate account" of the evidence. Sampson v. Chater, 103 F.3d 918, 922 (9th Cir. 1996) but see Lewis v. Barnhart, 281 F.3d 1081, 1084 (9th Cir. 2002) (finding that where an ALJ mischaracterized testimony evidence, the government's position was substantially justified because there was no procedural error and evidence in the record provided some support for the ALJ's determination).

### iii. Reasonableness of the Fees and Other Expenses

"Fees and other expenses" are defined as "reasonable" fees and costs, capped by statute at $125 per hour "unless the court determines" that an increase is justified. § 2412(d)(2)(A). The

Ninth Circuit publishes such increases, and has determined that the maximum rates in 2012 and 2013 were $184.32 and $187.02 respectively. Ninth Circuit Court of Appeals, Statutory Maximum Rates under the Equal Access to Justice Act, http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited July 1, 2014). However, beneath this cap, a "reasonable" rate is determined by twelve factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Hensley v. Eckerhart, 461 U.S. 424, 430 n.3 (1983).

In determining whether a fee is reasonable, "hours that are excessive, redundant, or otherwise unnecessary" should be excluded because "[h]ours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). However, courts "should generally defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." Costa v. Comm'r of Soc. Sec. Admin., 690 F.3d 1132, 1136 (9th Cir. 2012) (internal quotation omitted). Thus, a ten percent reduction in hours "reasonably" billed may be undertaken without explanation, but larger reductions must be explained. Id. at 1136. As the Ninth Circuit has repeatedly stated "lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees because the payoff is too uncertain." Costa, 690 F.3d at 1136 (internal quotation and alteration omitted) (citing Moreno v. City of Sacramento, 534 F.3d 1106, 1112 (9th Cir. 2008)).

**B. Fees under 42 U.S.C. § 406(b)**

In determining fees under § 406(b), a court engages in two steps. Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002). First, it looks to the contingent-fee agreement. Id. at 808. Second, it

tests that agreement for reasonableness, including by looking to the character of the representation and the results achieved. Id. at 808. For example, the fee should be reduced if the attorney is responsible for delay, or if the award would constitute a windfall. Id. at 808.

**II. Analysis**

        **A. EAJA Fees under 28 U.S.C. § 2412(d)**

To begin, Defendant asserts that Plaintiff fails to allege eligibility based on net worth. In response, Plaintiff alleges a net worth of less than $2 million (#44 at 2). This allegation has not been disputed. Accordingly, the Court finds that this requirement is no longer in dispute. The Court turns now to the substantive questions of whether the Government's position was substantially justified and whether the fees and costs sought are "reasonable."

        **i. Substantial Justification**

The Government has failed to show that its position was substantially justified. First, as in Al-Harbi, and as discussed in the Magistrate's report and recommendation adopted by this Court, the ALJ improperly weighed the opinions of Plaintiff's treating physician relative to the assessment of the State agency medical consultant (#17 at 15-20). Second, as in Shafer, and as discussed in the Magistrate's report and recommendation adopted by this Court, the ALJ either dramatically misinterpreted evidence or intentionally wrested it from context in making his findings (#17 at 15-20). However, the Government's position was not substantially justified even after this case had moved beyond the ALJ's decision.

After this Court adopted and affirmed the recommendation of the Magistrate (#24), the Government moved the Court to reconsider (#25). The Government asserted that reconsideration was necessary to "correct manifest errors of law." However, both the Government and this Court have repeatedly acknowledged that this area of the law is deeply conflicted. Further, the Government failed to argue that the Court's decision was in any way beyond the contours of the law. Accordingly, the Government's position that the Court had made "manifest errors of law" was not substantially justified because it lacked a reasonable basis in law. Accordingly, the Court

finds that multiple Governmental positions were not substantially justified.

### ii. Reasonableness of the Fees

Counsel seeks a total of $12,278.13 in fees, consisting of fees for work done in 2012 and 2013 using the maximum rates provided by the Ninth Circuit in those years. Having reviewed the twelve Hensley factors, the Court exercises its discretion and reduces the reasonable hours billed by ten percent, but otherwise defers to Counsel's judgment as to how much time was required in this case. Accordingly, the Court awards the reasonable fee of $11,050.32. Because these funds properly belong to the litigant and not Counsel, they are awarded to Plaintiff. It appears that Plaintiff properly assigned these fees to Counsel, but Counsel has failed to demonstrate that the Court should abrogate the usual chain of stewardship and award these funds directly to Counsel.

### iii. Costs

The Court finds that Counsel's representations regarding costs is sufficient, that the disputed $55.00 charge for "Legal Process Service" is justified (#44, Ex. 4). Accordingly, the Court awards the full $405.00 in costs to Plaintiff.

**B. Fees under 42 U.S.C. § 406(b)**

The Court notes that Counsel seeks $9,256.75 in fees under 42 U.S.C. § 406(b). However, as this amount is smaller than the award under the EAJA, and as Counsel would be required to remit this amount to Plaintiff even if the motion were granted, the Court denies the motion as moot.

///

///

///

///

///

///

///

6

**III. Conclusion**

  Accordingly, the Court **HEREBY AWARDS** Plaintiff $11,050.32 in fees and $405.00 in costs pursuant to the EAJA, **GRANTING** Motion(s) ## 35, 36, 44.

  It is **FURTHER ORDERED** that Plaintiff's Motion for Fees Pursuant to 42 U.S.C. 406(b) (#43) in the amount of $9,256.75 is **HEREBY DENIED** as moot.

  DATED this 9th day of July 2014.

_____
Kent J. Dawson
United States District Judge